# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

IMANI ROBINSON, *on behalf of herself and all others similarly situated*,

        Plaintiff,

v.

NORTHLAND GROUP, INC.,

        Defendant.

Case No. 1:17-cv-12023

**OPINION**

---

<u>**APPEARANCES**</u>:

JOSEPH K. JONES
BENJAMIN J. WOLF
JONES, WOLF & KAPASI, LLC
375 PASSAIC AVENUE, SUITE 100
FAIRFIELD, NJ 07004
    On behalf of plaintiff

ANDREW J. BLADY
SESSIONS, FISHMAN, NATHAN & ISRAEL
3682 GREEN RIDGE ROAD
FURLONG, PA 18925
    On behalf of defendant

**<u>Hillman</u>, District Judge**

Presently before the Court is the motion of defendant to dismiss plaintiff's putative class action claims for defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). For the reasons expressed below, defendant's motion will be granted.

## BACKGROUND

Plaintiff, Imani Robinson, claims that defendant, Northland Group Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., when it sent her a notice regarding an unpaid debt. Plaintiff claims that defendant did not comply with § 1692g(a)(3), which requires debt collectors to inform debtors that a debt dispute must be in writing in order to be valid. Plaintiff claims that defendant led the debtor to believe that she could orally dispute her debt in violation of § 1692e(10), which provides that a debt collector may not use false, deceptive, or misleading misrepresentations in connection with the collection of any debt.

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim for § 1692g(a)(3) and § 1692e(10) violations. Plaintiff has opposed defendant's motion.

## DISCUSSION

### A. Jurisdiction

This Court has jurisdiction over plaintiff's federal statutory claims under 28 U.S.C. § 1331.

### B. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for

the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b)(6).

**C. Analysis**

The purpose of the FDCPA is "to eliminate abusive, deceptive and unfair debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

action to protect consumers against debt collection abuse." 15
U.S.C. § 1692(e). The FDCPA establishes a private cause of
action against debt collectors who fail to comply with its
provisions. Grubb v. Green Tree Servicing, LLC, No. 13-07421
(FLW), 2014 WL 369626, at *4 (D.N.J. July 24, 2014). It is a
remedial statute where the terms and language of the statute are
interpreted broadly to effectuate the purpose of the statute.
Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006).
Moreover, the FDCPA is a strict liability statute. Allen ex
rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir.
2011) ("The FDCPA is a strict liability statute to the extent
that it imposes liability without proof of an intentional
violation.").

Relevant to the case here, the provision governing a debt
collector's notice of debt to the consumer provides:

a) Notice of debt; contents

Within five days after the initial communication with
a consumer in connection with the collection of any debt, a
debt collector shall, unless the following information is
contained in the initial communication or the consumer has
paid the debt, send the consumer a written notice
containing--(1) the amount of the debt; (2) the name of the
creditor to whom the debt is owed; (3) a statement that
unless the consumer, within thirty days after receipt of
the notice, disputes the validity of the debt, or any
portion thereof, the debt will be assumed to be valid by
the debt collector; (4) a statement that if the consumer
notifies the debt collector in writing within the thirty-
day period that the debt, or any portion thereof, is
disputed, the debt collector will obtain verification of
the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the
consumer by the debt collector; and (5) a statement that,
upon the consumer's written request within the thirty-day
period, the debt collector will provide the consumer with
the name and address of the original creditor, if different
from the current creditor.

15 U.S.C. § 1692g(a).

This portion of the statute, referred to as the debt

validation provisions, was included to ensure that lay consumers

received notice of their rights.  Wilson v. Quadramed Corp., 225

F.3d 350, 354 (3d Cir. 2000).  The Court recognizes that the

Third Circuit has required debt collectors to inform debtors

that debt disputes need to be in writing to be valid.  Graziano

v. Harrison, 950 F.2d 107 (3d Cir. 1991) ("We therefore conclude

that subsection (a)(3), like subsection (a)(4) and (a)(5),

contemplates that any dispute, to be effective, must be in

writing.").

Plaintiff claims that the notice letter informing her of

her rights was not conveyed in accordance with § 1692g(a)(3).

The notice letter is a one-sided document with three paragraphs.

The last two paragraphs, relevant to plaintiff's claims, state:

Unless you notify this office within 30 days after
receiving this notice that you dispute the validity of this
debt, or any portion thereof, this office will assume this
debt is valid. If you notify this office in writing within
30 days after receiving this notice that you dispute the
validity of this debt, or any portion thereof, this office
will obtain verification of the debt or obtain a copy of a
judgment and mail you a copy of such judgment or
verification.  If you request of this office in writing
within 30 days after receiving this notice this office will

provide you with the name and address of the original creditor, if different from the current creditor.

**Should you have any questions regarding this account, please feel free to call us at 866-277-9745 ext. 3203. We look forward to hearing from you.**

(Docket No. 1 at 14)(emphasis added).

Plaintiff does not contend that the second paragraph of the notice (the first paragraph above) containing the consumer's rights violates the FDCPA, but she argues that the language of the third paragraph (the second paragraph above and highlighted) violates § 1692g(a)(3) and § 1692e(10) by failing to effectively communicate the proper way to dispute her debt. Plaintiff argues that "[s]hould you have any questions regarding this account, please feel free to call us at 866-277-9745 . . ." and "[w]e look forward to hearing from you" overshadows and contradicts the rights laid out in the second paragraph of the notice.

This is because, plaintiff argues, the least sophisticated debtor – which is the standard to be applied to assessing debt collection notices - would misunderstand the wording to allow the debtor to dispute her debt orally which is legally insufficient in this Circuit. Contrary to plaintiff's position, defendant argues that the invitation to call with any questions does not overshadow and contradict the validation notice.

In all cases, the required notice must be conveyed

effectively, and to determine whether a validation notice is proper, as noted above, the Court must interpret the notice in the perspective of the "least sophisticated debtor." <u>Wilson</u>, 225 F.3d at 354-55 ("[A]lthough this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." (quotation and citation omitted)).

The Third Circuit directs that in order to determine whether a collection letter adequately provides an unsophisticated consumer notice of her rights, a court must evaluate the form and the substance of the letter to determine whether the statutory required notice has been overshadowed or contradicted by the entirety of the letter.

For example, in <u>Caprio v. Healthcare Revenue Recovery Group, LLC</u>, 709 F.3d 142 (3rd Cir. 2013) the collection letter sent to the debtor was a double-sided document that consisted of the following:

> The health care provider(s) listed below, recently hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance on this account. Our client's records show you as the person responsible for payment of the charges for **PHYSICIAN SERVICES.**

> If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address. This is an attempt

to collect a debt. Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)

You may send payment in full. Just fill in your credit card information on the reverse, or enclose your check/money order **payable to the creditor** along with the payment voucher below. The reply envelope provided needs no postage. Unless specified, your payment will be applied to the oldest balance first.

We hope to have your full cooperation in this collection matter.

Id. at 145 (emphasis in original). The reverse side of the collection letter contained:

Pursuant to Sec. 809 of the Fair Debt Collection Practices Act, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgement [sic] or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id.

The Third Circuit held that the letter was deceptive because it could be read to have two or more different meanings, one of which was inaccurate. Id. at 152. The Third Circuit determined that the validation notice on the backside of the letter was overshadowed or contradicted both in substance and in form by the front side of the collection letter because it would

lead the least sophisticated debtor to take the legally
insufficient but easier mode of oral contact to dispute the
debt.  <u>Id.</u>; <u>see also</u> <u>Laniado v. Certified Credit & Collection</u>
<u>Bureau</u>, 705 F. App'x 87 (3d Cir. 2017)(unpublished)(finding that
"should there be any discrepancy please call" language
overshadowed the statutory required validation notice).

 In contrast, in <u>Wilson</u>, the Third Circuit found that the
one-page debt collection letter in that case containing three
paragraphs, all of which in the same size font, did not violate
the FDCPA.  There, the collection letter provided:

>     Our client has placed your account with us for immediate
>     collection. We shall afford you the opportunity to pay this
>     bill immediately and avoid further action against you.
>
>     To insure immediate credit to your account, make your check
>     or money order payable to ERI. Be sure to include the top
>     portion of this statement and place your account number on
>     your remittance.
>
>     Unless you notify this office within 30 days after
>     receiving this notice that you dispute the validity of this
>     debt or any portion thereof, this office will assume this
>     debt is valid.  If you notify this office in writing within
>     30 days from receiving this notice, this office will obtain
>     verification of the debt or obtain a copy of a judgement
>     and mail you a copy of such judgement or verification. If
>     you request this office in writing within 30 days after
>     receiving this notice this office will provide you with the
>     name and address of the original creditor, if different
>     from the current creditor.

<u>Wilson</u>, 225 F.3d at 352.

 The Third Circuit found that this collection letter did not
violate § 1692g(a), explaining:

We find that, contrary to Wilson's argument, the collection letter did not violate section 1692g of the Act for the reason that the first two paragraphs of the collection letter neither overshadow nor contradict the validation notice. First of all, upon review of the physical characteristics and form of the letter, we have concluded that the first two paragraphs of the letter do not overshadow the validation notice.  The validation notice was presented in the same font, size and color type-face as the first two paragraphs of the letter.  Moreover, the required notice was set forth on the front page of the letter immediately following the two paragraphs that Wilson contends overshadow and contradict the validation notice. Accordingly, Wilson's overshadowing claim must fail.

Second, an actual or apparent contradiction between the first two paragraphs and the third one containing the validation notice does not exist here. Unlike the collection letter in <u>Graziano</u>, which demanded payment within ten days and threatened immediate legal action if payment was not made in that time, Quadramed's letter makes no such demand or threat. Instead, Wilson is presented with two options: (1) an opportunity to pay the debt immediately and avoid further action, or (2) notify Quadramed within thirty days after receiving the collection letter that he disputes the validity of the debt. As written, the letter does not emphasize one option over the other, or suggest that Wilson forego the second option in favor of immediate payment. Thus, we find the least sophisticated debtor would not be induced to overlook his statutory right to dispute the debt within thirty days.

<u>Id</u>. at 356.

Although it was not central to the decision, it is important to note that information similar to the information Plaintiff finds offensive in this case was in the collection letter in <u>Wilson</u>.  More specifically, the <u>Wilson</u> collection letter included the debt collector's name and address and closed with the name of the debt collector representative "and her telephone number."  <u>Id.</u> at 352.  Moreover, in finding no

violation of the statute, the <u>Wilson</u> panel cited with approval
two cases in which the debt collector facilitated and encouraged
oral communications with the debtor.  <u>See</u> <u>Terran v. Kaplan</u>, 109
F.3d 1428, 1430 (9th Cir. 1997) (use of "[u]nless an immediate
telephone call is made" did not overshadow or contradict
validation notice); <u>Vasquez v. Gertler & Gertler, Ltd.</u>, 987 F.
Supp. 652, 657 (N.D. Ill. 1997) (use of "contact[] me without
further delay" did not overshadow or contradict validation
notice).  Thus, a careful reading of <u>Wilson</u> and <u>Caprio</u> together
suggests that in this Circuit merely providing contact
information and encouraging a telephone call are insufficient
standing alone to undermine an otherwise clear validation
notice.

Rather, the contact information or other language must be
used in such a way as to confuse the least sophisticated debtor
or offer an inaccurate choice of action.  <u>See</u> <u>Caprio</u>, 709 F.3d
at 152-54 (contrasting collection letters that merely encourage
calls to "answer any questions" with letters that undermine the
30 day period to dispute the debt in writing by demanding
immediate payment or telephone call to dispute debt).

For example, in <u>Magana v. Amcol Systems, Inc.</u>, No. 17-cv-
11541 (RBK), 2018 WL 2723828 at *1 (D.N.J. June 6, 2018), a case
almost identical to the instant matter, the court found that a
one-page collection letter containing three paragraphs of text

to be in compliance with the FDCPA.  The first paragraph stated, in pertinent part, "[i]f you need help with this bill, or have questions, please contact our office where a representative is on hand to assist you." Id.  The second paragraph contained:

> Unless you notify this office within 30 days and after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id.  The final paragraph of text in the notice informed the debtor of information on the hospital's financial assistance policy, and provided a telephone number for interested customers to inquire into additional information about the policy and application process.  Id.

The Court in Magana found that the collection letter did not violate § 1692g(a):

> While the Court finds the language in the first paragraph to be less than a model of clarity or comprehensiveness, it does not find that it overshadows or contradicts the second paragraph's recitation of the writing requirement, even from the view of the least sophisticated debtor.

> The Court also does not find that the third paragraph, whether taken on its own or in conjunction with the first, could be read to overshadow or contradict the writing requirement contained in the second. The final paragraph informs the debtor that she may qualify for the hospital's financial assistance policy, and that if she would like to

"request additional information about the policy and application process," the debtor should call the number listed . . . .

Id. at *5.

Applying the view of the least sophisticated debtor, the Court found that the invitation to call with any questions did not overshadow or contradict the second paragraph's accurate recitation of the writing requirement found in the statutory language. Id.; see id. at *4 ("One must stretch their imagination past the point of discomfort, and past the point of the least sophisticated debtor, to read the phrase 'please contact' for 'questions' as being equivalent to an invitation to call to dispute, quarrel, or argue over the validity of a claim.").

In an attempt to distinguish Wilson, Magana, and other similar cases,[1] plaintiff contends that the language "hearing

---

[1] See, e.g., Reynolds v. Encore Receivable Management, Inc., No. 17-2207 (JMV) (MF) 2018 WL 2278105 at *5 (D.N.J. May 18, 2018) (holding that the invitation to call if plaintiff already paid her debt did not overshadow or contradict the validation notice because it was formatted in the same font, size and color as other text and the notice is all on one page of the document); Riccio v. Sentry Credit, Inc., No. 17-1773 (BRM)(TJB) 2018 WL 638748 (D.N.J. Jan. 31, 2018) (holding that the invitation for the consumer to contact defendant by phone, mail, or via website, as provided in the display boxes, did not overshadow or contradict the validation notice directly above because it merely was providing the consumer with the debt collector's contact information); Borozan v. Financial Recovery Services, Inc., No. 17-11542 (FLW), 2018 WL 3085217 at *6 (D.N.J. June 22, 2018) (finding that the general invitation to call or use the online help desk did not overshadow or contradict the validation

from you" is analogous to how the debt collector used it in

<u>Homer v. Law Offices of Frederic I. Weinberg & Assoc., P.C.</u>, 292

F. Supp. 3d 629, 631 (E.D. Pa. 2017).  In <u>Homer</u>, the language

"hears from you" was used within the statutorily required

paragraph of the debt collection notice informing the consumer

of their rights.  <u>Id.</u> at 631.  The letter there read, "Unless

his office hears from you within thirty (30) days after the

receipt of this letter that you dispute the validity of the

debt, or any portion of thereof, this office will assume the

debt is valid."  <u>Id.</u>  Within the same paragraph, the validation

letter included the statutorily required notice of the writing

requirement consistent with § 1692g(a)(4) and § 1692g(a)(5).

<u>Id.</u>  The Court found, however, that the "hears from you"

language was not a colloquial phrase that would be understood by

the least sophisticated debtor to mean that a dispute must be in

writing.  <u>Id.</u> at 632.

      The <u>Homer</u> Court accurately describes the dilemma that has

arisen in this Circuit in light of the holding in <u>Graziano</u>

interpreting § 1692g(a)(3) to require a consumer to dispute the

debt in writing.  <u>Id.</u> at 632-33.  In contrast to our Circuit, no

consumer confusion can arise when a debt collector provides a 1-

_____

notice in the following paragraph because the substance and form
of the letter as a whole would not lead the least sophisticated
consumer to multiple interpretations).

800 number or otherwise encourages oral communication with the
debtor in those Circuits where no writing is required to dispute
the debt.  Id.  The issue district courts in this Circuit have
been grappling with is under what circumstances a debt collector
can encourage oral communication without leading the least
sophisticated debtor to believe, incorrectly, that she can
effectively dispute the debt orally.

This Court's review of the relevant precedents in this
Circuit does not establish that Graziano and its progeny have
the effect of creating a *per se* rule barring a debt collector
from encouraging oral communication.  Indeed, both Caprio and
Laniado involved solicitations for oral communications and
turned on the narrower grounds that the particular way the debt
collectors worded and communicated that invitation in
conjunction with the statutory notice created the potential for
consumer confusion.  And as noted above the Wilson case involved
language facilitating telephone communications.  We believe,
therefore, the inquiry to be fact-specific and the touchstone to
be whether the particular language facilitating oral
communication has the effect of overshadowing or contradicting
language that otherwise complies with the statutorily required
notice.

Under this view, Homer is dissimilar to the case at bar.
In this case, the "hearing from you" language is not intertwined

with the statutory required notice concerning a disputed debt as
it was in <u>Homer</u>.  Instead, it is used in the context of a
general invitation to call about any questions in a separate,
closing paragraph.  This invitation is separate and apart from
the statutory required language.  To read "hearing from you"
into the previous paragraph which uses language nearly identical
to that which is required by § 1692g(a) would be a "bizarre and
idiosyncratic interpretation of the letter as a whole." <u>Magana</u>,
2018 WL 2723828 at *4.

Moreover, the Court finds that through the lens of the
least sophisticated debtor, it is clear that the collection
letter at issue here adequately provides an unsophisticated
consumer with her rights, as required by FDCPA.  <u>See</u> <u>Caprio</u>, 709
F.3d 142, 149 ("[T]he standard does not go so far as to provide
solace to the willfully blind or non-observant.  The debtor is
still held to a quotient of reasonableness, a basic level of
understanding, and a willingness to read with care . . . .")
(quotations and citations omitted).  The third paragraph in
defendant's collection letter does not overshadow or contradict
the prior paragraph informing plaintiff of her rights because
the invitation to call within the last paragraph is the same
font, size, and color type face as the other two paragraphs.

In addition, unlike the letter in <u>Caprio</u> which instructed
the consumer to call if she had any questions related to

disputing her debt, the collection letter in this case does not invite the consumer to call if she uncovers any discrepancies in her debt or if she feels she did not owe this debt.  It only invites her to call if she has general questions regarding the account.  This distinguishes this case from <u>Caprio</u> and the unpublished decision in <u>Laniado</u> and makes it more akin to <u>Wilson</u>.  Absent a rule from our Circuit barring any language encouraging or facilitating oral communication with the debt collector, this Court holds that the language in this case, placed where it was and presented as it was, is innocuous at worst and does not violate the statute.

Because plaintiff's § 1692g(a)(3) claim fails, plaintiff's § 1692e(10) claim likewise fails.  <u>Id.</u> at *6.  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10). "When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive."  <u>Caprio</u>, 709 F.3d at 154; <u>see</u> <u>Reynolds</u>, 2018 WL 2278105 at *6 ("In making its § 1692(e)(10) argument, plaintiff relies on the same language contained in the first paragraph of the collection letter that it relied on in its § 1692(g)(a)(3) argument.  Thus, this Court 'must reach the same conclusion with

respect to the claim brought under § 1692(e)(10).'"). Even if,
however, the judgment on the § 1692g(a)(3) claim is not
dispositive of the § 1692e(10) claim, the language used in the
debt collection letter is not "a false representation or
deceptive," because the language cannot be "reasonably read to
have two or more different meanings, one of which is incorrect."
<u>Magana</u>, 2018 WL 2723828 at *6 (quoting <u>Rosenau v. Unifund Corp.</u>,
539 F.3d 218, 222 (3d Cir. 2008)). The letter reasonably
articulates to plaintiff, accurately tracking the statutory
language, that to legally dispute her debt it must be in
writing.

In sum, the debt collection letter adequately informs
plaintiff how to dispute her debt in compliance with the
requirements of the FDCPA. Consequently, plaintiff has failed
to state a valid claim that defendant violated the FDCPA.

## CONCLUSION

For the reasons expressed above, defendant's motion to
dismiss plaintiff's complaint will be granted.[2] An appropriate

---

[2] Plaintiff has requested permission to file a motion to stay the
matter pending appeals in <u>Riccio v. Sentry Credit, Inc.</u>,
<u>Reynolds v. Encore Receivable Management, Inc.</u>, <u>Magana v. Amcol
Systems</u>, and <u>Borozan v. Financial Recovery Services, Inc.</u>, which
are cited in this Opinion and also brought by plaintiff's
counsel. (See Docket No. 19, 21.) Whether a case should be
stayed is within the court's power to control the disposition of
its docket, and "how this can best be done calls for the
exercise of judgment, which must weigh competing interests and
maintain an even balance." <u>Landis v. North American Co.</u>, 299

Order will be entered.


Date: __July 18, 2018__          ___s/ Noel L. Hillman___
At Camden, New Jersey          Noel L. Hillman, U.S.D.J.

_____

U.S. 248, 254-55 (1936).  Because none of the letters in those
cases is identical to the letter at issue in this case, the
Court is not persuaded that the Third Circuit's decisions in
those appeals would be directly dispositive here.  The Court
therefore denies plaintiff's request to stay the resolution of
defendant's motion pending the outcome of the appeals in
counsel's other cases.